IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

| | |
|---|---|
| DENISE FLUELLEN, ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:14cv00030 |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner, ) | By: Joel C. Hoppe |
| Social Security Administration, ) | United States Magistrate Judge |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Denise Fluellen asks this Court to review the Commissioner of Social Security's ("Commissioner") final decision denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f. The case is before me by referral under 28 U.S.C. § 636(b)(1)(B). Having considered the administrative record, the parties' briefs, and the applicable law, I find that the Commissioner's final decision is supported by substantial evidence and should be affirmed.

I. Standard of Review

The Social Security Act authorizes this Court to review the Commissioner's final decision that a person is not entitled to disability benefits. *See* 42 U.S.C. § 405(g); *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). The Court's role, however, is limited—it may not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of agency officials. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). Instead, the Court asks only whether the Administrative Law Judge ("ALJ") applied the correct legal standards and whether substantial evidence supports the ALJ's factual findings. *Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011).

1

"Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a mere scintilla" of evidence, *id*., but not necessarily "a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence review takes into account the entire record, and not just the evidence cited by the ALJ. *See Gordon v. Schweiker*, 725 F.2d 231, 236 (4th Cir. 1984); *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487–89 (1951). Ultimately, this Court must affirm the ALJ's factual findings if "'conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled.'" *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (internal quotation marks omitted)). However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

A person is "disabled" if he or she is unable engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). Social Security ALJs follow a five-step process to determine whether an applicant is disabled. The ALJ asks, in sequence, whether the applicant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals an impairment listed in the Act's regulations; (4) can return to his or her past relevant work based on his or her residual functional capacity; and, if not (5) whether he or she can perform other work. *See* 20 C.F.R. § 416.920(a)(4); *Heckler v. Campbell*, 461 U.S. 458, 460–62 (1983). The applicant bears the burden of proof at steps one through four.

2

*Hancock*, 667 F.3d at 472. At step five, the burden shifts to the agency to prove that the applicant is not disabled. *See id.*

## II. Procedural History

Fluellen filed for SSI on March 26, 2012. *See* Administrative Record ("R.") 23. She was 50 years old, *id.*, and had worked most recently as a part-time tobacco picker, R. 215. Fluellen alleged disability because of breast cancer, asthma, acid reflux, and back problems. R. 214. After the state agency twice denied her application, R. 88, 89, Fluellen appeared *pro se* at a hearing before an ALJ on November 22, 2013, R. 45–46. Fluellen and her counselor, Ismene Elmore, testified as to her medical conditions and the limitations those conditions caused in her daily activities. *See* R. 49–68. A vocational expert ("VE") also testified as to Fluellen's ability to return to her past work or to perform other work existing in the economy. *See* R. 68–73.

The ALJ denied Fluellen's application in a written decision dated January 14, 2014. R. 23–35. She found that Fluellen had the following severe impairments: breast cancer; chronic obstructive pulmonary disease; peripheral neuropathy; lumbar degenerative disc disease; and a history of syncope, coronary artery disease, pulmonary embolism, and deep vein thrombosis.[1] R. 25. These impairments, however, did not meet or equal a listing. R. 26–27. The ALJ next determined that Fluellen had the residual functional capacity ("RFC") to perform "light work" that never required climbing ropes, ladders, or scaffolds and involved "no more than occasional exposure to respiratory irritants and workplace hazards such as dangerous machinery, but no

---

[1] The ALJ also found that Fluellen's anxiety, musculoskeletal pain, anemia, reflux disease, hypertension, leukocytosis, and foot cyst removal were non-severe impairments because they either responded to treatment or did not last for twelve months, require significant treatment, or cause any continuing functional limitations. *See* R. 25–26. Fluellen does not challenge these findings on appeal.

3

exposure to unprotected heights and no tasks involving operating machinery with open parts."[2] R. 27. Relying on the VE's testimony, the ALJ concluded at step four that Fluellen still could perform her past relevant work as a tobacco picker. R. 33. The ALJ also concluded at step five that Fluellen could perform other available jobs identified by the VE, such as order clerk, unarmed security guard, and office clerk. R. 34. The Appeals Council declined to review that decision, R. 3, and this appeal followed.

III. Discussion

Fluellen, now represented by counsel, argues only that the ALJ "committed legal error in finding that [her] breast cancer was not a severe impairment and caused no significant limitations." Pl. Br. 22, ECF No. 15. She asserts that the ALJ's purported finding is "irrational" because she ignored medical evidence establishing that Fluellen suffers "serious continuing" symptoms and treatment side-effects including nausea, fatigue, weakness, neuropathy, dizziness, syncope, malaise, and pulmonary embolism. *See generally id.* at 22–28.

Fluellen's objection is meritless. The ALJ expressly found at step two that Fluellen's breast cancer, peripheral neuropathy, and history of syncope and pulmonary embolism were severe impairments because they had "more than a minimal effect on [her] ability to do basic work activities," R. 25. *See* 20 C.F.R. § 416.921(a) ("An impairment . . . is not severe if it does not significantly limit your physical or mental ability to do basic work activities."); *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984) (explaining that an impairment is "not severe only if it is a *slight abnormality* which has such a *minimal effect* on the [claimant] that it would not be

---

[2] "Light" work involves lifting no more than twenty pounds at a time, but frequently lifting objects weighing ten pounds. 20 C.F.R. § 416.967(b). A person who can meet these lifting requirements can perform light work only if she also can "do a good deal of walking or standing, or do some pushing and pulling of arm or leg controls while sitting." *Hays v. Sullivan*, 907 F.2d 1453, 1455 n.1 (4th Cir. 1999).

expected to interfere" with a person's ability to work). The ALJ then considered the combined limiting effects of all of Fluellen's impairments throughout her disability determination, R. 26–33, as the regulations required, 20 C.F.R. §§ 416.923, 416.945.

Broadly construing her argument, Fluellen suggests that the ALJ's RFC determination does not reflect her "continuing complaints" of "serious" fatigue, nausea, neuropathy, weakness, dizziness, and malaise. *See id.* at 23, 27, 28. A claimant's RFC is the most she can do on a regular and continuing basis despite her impairments. 20 C.F.R. § 416.945(a); SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is a factual finding "made by the Commissioner based on all the relevant evidence in the [claimant's] record," including objective medical evidence, medical-source opinions, and the claimant's statements, *Felton-Miller v. Astrue*, 459 F. App'x 226, 230–31 (4th Cir. 2011), and it must reflect the combined limiting effects of impairments that are supported by the medical evidence and the claimant's credible complaints, *see Mascio v. Colvin*, 780 F.3d 632, 638–40 (4th Cir. 2015).

The ALJ's RFC finding limits Fluellen to light work that never requires climbing ropes, ladders, or scaffolds and involves "no more than occasional exposure to respiratory irritants and workplace hazards . . . , but no exposure to unprotected heights and no tasks involving operating machinery with open parts." R. 27. The ALJ explained that she included these environmental and postural restrictions because Fluellen had experienced syncopal episodes and reported fatigue, nausea, weakness, and dizziness following her cancer treatments. *See* R. 29–33.

Fluellen testified that she cannot work full time because she feels tired and lethargic, her "head is not like it used to be," she can "barely walk" because of peripheral neuropathy, and she must lie down on her many "bad days." R. 54, 59. The ALJ found that Fluellen's impairments and treatment side-effects could reasonably be expected to cause her symptoms, but that

5

Fluellen's statements describing their intensity, persistence, and limiting effects were only "partially credible" compared to all the evidence in her record. *See* R. 29.

For example, although Fluellen reported baseline fatigue, she never described the symptom's intensity or complained to her doctors that it interfered with her daily activities. R. 32; *see, e.g.*, R. 355, 389, 803, 809, 814, 815, 824, 830, 1099, 1287. The ALJ also correctly identified several instances when Fluellen did not report—or expressly denied—fatigue, nausea, weakness, dizziness, neuropathy, malaise, or impaired cognition. R. 29–31; *see also* R. 349, 352, 357–58, 360–61, 389, 411–12, 727, 803, 809, 814, 824, 992–93, 1044, 1099, 1108, 1145, 1249, 1262. 1290–91, 1299. These inconsistencies support the ALJ's finding that Fluellen's symptoms and reported functional limitations were not as severe as alleged. *Bishop v. Comm'r of Soc. Sec.*, 583 F. App'x 65, 68 (4th Cir. 2014) (per curiam) (substantial evidence supported ALJ's credibility finding where he "cited specific contradictory testimony and evidence . . . and averred that the entire record had been reviewed"); *Sowers v. Colvin*, No. 4:12cv29, 2013 WL 3879682, at *4 (W.D. Va. July 26, 2013) (Kiser, J.) (claimant's inconsistent statements about his symptoms provided substantial support for ALJ's adverse credibility finding).

The ALJ's RFC for light work is supported by substantial evidence in the record, including an identical assessment provided by a state-agency physician in January 2013, Fluellen's consistently normal physical and neurological exams throughout the relevant period, her treating oncologist's repeated statements that Fluellen was "restricted in physically strenuous activity but ambulatory and able to carry out work of a light or sedentary nature, e.g., light house [or] office work," and Fluellen's initial reports that she occasionally cleaned her house and went shopping. *See generally* R. 95–96 (Dr. Darden's RFC assessment); R. 415, 804, 810, 996, 1056,

1099, 1147 (exams); R. 804, 809, 838, 846 (Dr. Brotherton's opinions); R. 230–31 (Fluellen's statements).

The ALJ's reliance on the VE's testimony in response to a hypothetical question reflecting her RFC determination, R. 34, 71, was also proper. *See Fisher v. Barnhart*, 181 F. App'x 359, 365 (4th Cir. 2006). The VE testified that a person with Fluellen's vocational profile and RFC could perform certain light occupations, such as order clerk, unarmed security guard, and office clerk. R. 71. Fluellen does not object to the VE's testimony or to the ALJ's finding that these jobs exist in significant numbers nationally or in Virginia. Accordingly, I find that the Commissioner's final decision is supported by substantial evidence. *See Walls v. Barnhart*, 296 F.3d 287, 292 (4th Cir. 2002) (holding that a VE's reliable testimony provides substantial evidence to support the Commissioner's final decision).

## IV. Conclusion

This Court must affirm the Commissioner's final decision that Fluellen is not disabled if that decision is consistent with the law and supported by substantial evidence in the record. The Commissioner has met both requirements. Accordingly, I recommend that the Court **DENY** Fluellen's motion for summary judgment, ECF No. 14, **GRANT** the Commissioner's motion for summary judgment, ECF No. 16, and **DISMISS** this case from the docket.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Jackson L. Kiser, Senior United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all counsel of record.

ENTER: April 22, 2015

Joel C. Hoppe
United States Magistrate Judge